## Thompson *vs* Craigmyle.

APPEAL FROM THE HARRISON CIRCUIT.

*Trespass quare clausum fregit. Growing crop. Fraud.*

JUDGE BRECK delivered the opinion of the Court.

TRESPASS.

Case 76.

April 13.

The case stated.

SEPTIMUS CRAIGMYLE, the appellee, brought an action of trespass *quare clausum fregit*, against Thompson, the appellant, and recovered a judgment for forty-three dollars, from which Thompson has appealed to this Court.

The testimony, upon the trial, conduced to prove that the plaintiff was in possession of the field upon which the defendant had entered and cut and carried off the crop of corn; that J. W. Craigmyle was also living upon the farm, of which the field in contest composed a part, and had assisted in making the crop. The testimony also conduced to prove a fraudulent sale and conveyance of the farm by J. W. Craigmyle to the plaintiff, and a fraudulent arrangement between them for its cultivation. It further appeared that under an execution in favor of the defendant against J. W. Craigmyle, the field of corn had been sold by a Constable and the defendant became the

purchaser. This sale was made on the 14th October, 1842.

Upon this state of case, the Court, on motion of the plaintiff, instructed the jury, "that they were bound to find for the plaintiff, provided they believed, from the evidence, that the field in which the corn in contest was cultivated, and where the trespass was charged to have been committed, was in possession of the plaintiff at the time it was entered upon by the defendant, and that in estimating the damages they had a right to take into calculation the value of the corn taken off by the defendant, provided they believed it the plaintiff's corn."

*Instructions given for plaintiff by Circuit Court.*

2nd. "That if the jury believed, from the evidence, "that the plaintiff was in the peaceable possession of the "close, on which the trespass complained of in the ac- "tion was committed, with the assent of the rightful "owner, and that the defendant broke said close and en- "tered upon his possession without his consent and "against his express order, the law is for the plaintiff."

The questions for the consideration of this Court are involved in these instructions. To test their correctness, we will state the legal propositions which we regard as applicable to this case.

And, 1st. Corn standing in the field is subject to sale under execution. It was so settled by this Court in *Parham* vs *Tompson*, (2 *J. J. Marshall*, 159.) It is a chattel and may, therefore, be sold by a Constable.

*Corn standing in the field is subject to sale under execution, by a Constable, being a chattel.*

2nd. A purchaser under execution may lawfully enter and remove the corn purchased, provided the corn, when sold, belonged to the defendant in the execution and the sale was valid. Nor could the defendant in the execution, nor any person who might be in possession under him, maintain trespass, provided the purchaser merely entered and removed the corn.

*A purchaser of corn standing in a field, may lawfully enter and remove it.*

The plaintiff in this case, therefore, was not necessarily entitled to a verdict. He might have been in possession and still not the owner of the corn nor the land. If the purchase of the farm by him from J. W. Craigmyle, and the arrangement for cultivating it, were fraudulent—made for the purpose of covering it up and shielding it and also the crop from the creditors of J. W. Craigmyle, the

*If a possession of land be held by fraudulent arrangement, and cultivated for a debtor, to shield it from creditors, the crop is liable to his debts, and no action of tres-*

whole proceeding, as to his creditors, was void, and the plaintiff acquired thereby no title to the land, nor right to the crop, nor to the possession.   Although the plaintiff, therefore, may have been in possession of the field when the defendant entered and cut and removed the corn, yet such possession merely would not enable him to recover in this action.   We are of opinion, therefore, that the Court erred in the instructions given to the jury, on the motion of the plaintiff.

Wherefore, the judgment is reversed and the cause remanded, that a new trial may be granted and further proceedings had consistent with this opinion.

*Morehead & Reed* for appellant: *Cates & Lindsey* for appellee.

pass lies for entry by purchaser
for its removal.